INDUSTRIAL TRUST COMPANY *vs.* HAROLD D. FEUER *et al.*

JANUARY 22, 1937.

PRESENT: Flynn, C. J., Moss, Baker, and Condon, JJ.

CONDON, J. This is an action of assumpsit brought against these defendants as indorsers on a promissory note made to the plaintiff by Guilfoyle & Co., Inc., for $8,000. The case was heard by a justice of the Superior Court sitting with a jury, and resulted in a verdict for the plaintiff. On a motion for a new trial made by defendant Feuer, this verdict was approved by the trial justice. To this decision the defendant Feuer duly excepted. On this exception and on two exceptions taken during the trial this defendant has brought his bill of exceptions to this court.

The case arose out of the refusal of Feuer to honor his endorsement upon demand by the bank on the ground that it was conditional upon the maker obtaining the endorsement of one Aime Bonin as co-endorser, which condition, Feuer alleges, was brought to the knowledge of the plaintiff through its assistant manager of its Woonsocket branch, Frederick W. Rounds. On the trial this was denied by Rounds, who claimed that the name of Aime Bonin was never mentioned when Feuer signed the note at the bank. Feuer testified that at a later conference at the bank with Rounds in the presence of Feuer's attorney, Ambrose Kennedy, the fact of Bonin being a co-endorser was again mentioned. The plaintiff put Kennedy on the stand and he testified over the objection of defendant that he was present representing Feuer at that conference and that he did not remember that Bonin's name was mentioned. This testimony was objected to on the ground that the knowledge of Kennedy as to what occurred at that conference having come to him in the relationship of attorney and client, such knowledge was a privileged communication which he could not divulge without his client's consent. This objection furnishes the basis of the defendant Feuer's second exception. .

The first exception is based on the alleged error of the trial justice in permitting four jurors, who were depositors in the plaintiff bank, to sit in the trial of the case. On their *voir dire* examination it was disclosed that each of the four was then a depositor in the bank, but they bore no other relationship to the bank. Upon specific inquiry by the trial justice, addressed to each of them, whether, because of such depositor relationship, he would be affected thereby in his consideration of the evidence or be prevented from rendering a fair and impartial verdict on the evidence and the charge, each answered in the negative.

The defendant strongly contends that suspicion of bias or prejudice is sufficient to disqualify a juror. This is indeed the language of certain authorities cited by him in

support of his contention. *Elliott* v. *Florida,* 77 Fla. 611; *Temples* v. *Central of Georgia Rys. Co.,* 15 Ga. App. 115; *Harrisburg Bank* v. *Forster,* 8 Watts (Pa.) 304. From this he appears to argue that the mere existence of the depositor relationship raises at least such a suspicion of bias, and therefore the trial justice committed error in permitting the four jurors in question to sit. The defendant does not cite any authority in this State in support of his contention, and we have not found any.

In view of the language of Sec. 37, Chapter 329, General Laws, 1923, we are not justified in adopting the rule followed by the courts above cited that a juror must be rejected on a mere suspicion of bias. Our statute clearly provides that only if, after examination, it appears to the court that the juror does not stand indifferent in the cause, must another be called in his place. It has been held by this court that this matter is left to the discretion of the trial justice, and his decision must stand, unless there is shown an abuse of discretion. *Sansouver* v. *Glenlyon Dye Wks.,* 28 R. I. 539; *Davey* v. *Rhode Island Co.,* 29 R. I. 49.

The mere fact that the jurors were depositors in the plaintiff bank does not of and by itself show an interest that would prevent said jurors from "standing indifferent in the cause." Under some circumstances, it is conceivable that a juror's relationship as a depositor might prevent him from standing indifferent. In that event it would then be the duty of the trial justice to excuse him. Such are not the circumstances here. It is the duty of the objecting party to develop on the *voir dire* examination any such circumstances if they, in fact, exist. It does not appear that the defendant performed this duty in the instant case, and his first exception is therefore overruled.

The defendant's second exception raises the question whether a statement made in the course of a conference between the plaintiff and defendant relating to the matter in suit, in the hearing of the attorney, who was present at the conference representing the defendant, is a privileged

communication about which the attorney cannot be interrogated without the consent of his client. On this question, as it is related to the particular circumstances of the instant case, this court is evenly divided and hence refrains from any expression of opinion. As the ruling of the trial justice on the question must stand as the law, at least of this case, the defendant's second exception must therefore be overruled.

Some question has been raised as to the admissibility of certain testimony for the plaintiff on the part of an office employee of plaintiff's attorney. Said attorney some time previously represented the defendant Guilfoyle, at which time certain information came to the knowledge of said employee concerning which she testified. As it does not appear that this matter is founded upon any exception, it is not entitled to any consideration by us at this time. The same comment is applicable to the defendant's objection to the manner of argument by plaintiffs counsel to the jury.

The defendant's third exception relates to the denial of his motion for a new trial. In considering this exception, we have carefully perused the transcript and it does not appear to us that the trial justice erred in his ruling denying this motion. There was a very sharp conflict of testimony on the essential facts of the case and it was clearly for the jury to determine the issue. By their verdict they decided to accept the plaintiff's version of these facts, and the trial justice has approved their findings. Both of them had an opportunity to see the witnesses on the stand and hear them testify. They thus had an advantage over this court in weighing the testimony and passing upon the credibility of the witnesses, which latter duty in this case was especially important and even controlling. In accordance with the well-established rule, their verdict should not be disturbed unless clearly wrong or unless it clearly fails to do justice between the parties. We find no such cause in the record and hence the defendant's third exception must be overruled.

All the defendant's exceptions are overruled and the case is remitted to the Superior Court for entry of judgment on the verdict.

*John R. Higgins, Sidney Silverstein, Huddy & Moulton, Stuart H. Tucker,* for plaintiff.

*Hart, Gainer & Carr, Henry C. Hart, David B. Lovell, Jr.,* for defendant.